UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN KELLY and LINDA KELLY, | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:16CV01106 AGF |
| AUTO OWNERS INSURANCE COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This insurance coverage case is before the Court on Plaintiffs' motion for leave to file an amended complaint. For the reasons set forth below, Plaintiffs' motion will be granted.

John Kelly and Linda Kelly, husband and wife, filed this action on April 25, 2016, in Missouri state court. Defendant removed the action to this Court based on diversity jurisdiction. In Count I of the complaint, Plaintiff Linda Kelly sought damages under an underinsured motorist provision in an automobile insurance policy she purchased from Defendant Auto Owners Insurance Company, for injuries sustained in an accident on May 16, 2011. In Count II, John Kelly sought damages for loss of consortium.

In the present motion filed on September 21, 2016, Plaintiffs state that they wished to add a claim pursuant to Mo. Rev. Stat § 375.420, for vexatious conduct on the part of Defendant. Plaintiffs stated that at the Court's Rule 16 conference held on August 18, 2016, the Court suggested that the parties discuss settlement of this matter, but no offer

had yet been made by Defendant even though it had Linda Kelly's medical bills since at least April 2016. But Plaintiffs did not submit a proposed amended complaint. Defendant opposed the motion to amend, arguing that Plaintiffs were seeking to add a "bad faith" cause of action, and that Missouri law does not permit such causes of action in a "first party action" against an insured, that is, in a case such as this one, in which an insured seeks to recover from his insurance company for a loss sustained.

By Order dated November 14, 2016, the Court directed Plaintiffs to submit their proposed amended complaint, and on November 15, 2016, Plaintiffs filed a new motion for leave to amend, this time attaching their proposed amended complaint. The proposed amended complaint adds a third count, entitled, "Vexatious Refusal to Settle," that cites Mo. Rev. Stat. § 375.420, and asserts that Defendant's "wrongfully" refused to pay Plaintiffs under the insurance policy and such refusal was vexatious and without reasonable cause. Defendants did not file a response in opposition to the new motion to amend.

Missouri Courts recognize a tort action against an insurer for bad faith refusal to settle a claim that another party brought against its insured. *See Scottsdale Ins. Co. v. Addison Ins. Co.*, 448 S.W.3d 818, 829 (Mo. 2014).[1] But here, the claim asserted in Count III of the proposed amended complaint, is not such a claim. Rather it is a statutory claim under Mo. Rev. Stat. § 375.420 for Defendant's alleged vexatious refusal to pay for

---

[1] "A bad faith refusal to settle action will lie when a liability insurer: (1) reserves the exclusive right to contest or settle any claim; (2) prohibits the insured from voluntarily assuming any liability or settling any claims without consent; and (3) is guilty of fraud or bad faith in refusing to settle a claim within the limits of the policy." *Scottsdale Ins. Co*., 448 S.W.3d at 827.

a loss allegedly covered by the insurance policy it issued to Plaintiffs. To establish a claim for vexatious refusal to pay under § 375.420, a plaintiff must plead (1) he had an insurance policy with the defendant, (2) the defendant refused to pay a claim made by the plaintiff, and (3) the refusal was without reasonable cause or excuse. *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 457 (Mo. 2006). Therefore, Defendant's argument directed to Missouri tort law for bad faith refusal to settle is inapposite and fails to address Plaintiffs' claim for relief under Missouri's vexatious refusal to pay statute.

Under Federal Rule of Civil Procedure 15(a), a court "should freely give leave [to amend pleadings] when justice so requires." Notwithstanding this liberal standard, a court may deny leave to amend where the proposed amendment would be futile. *Reuter v. Jax Ltd.*, 711 F.3d 918, 922 (8th Cir. 2013). Here the Court cannot say that a vexatious refusal to pay claim would be futile.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for leave to file an amended complaint is **GRANTED**. (Doc. No. 17.) The Clerks' Office shall detach Doc. No. 17-1 and file it as Plaintiffs' amended complaint.

　　　　　　　　　　　　　　　　　　_/s/ Audrey G. Fleissig_
　　　　　　　　　　　　　　　　　　AUDREY G. FLEISSIG
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2016.